UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN BAKER ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES, ) | JURY TRIAL DEMANDED |
| LLC ) | |
| ) | |
| Defendant ) | |

COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Helen Baker, by and through her undersigned counsel, Bruce K. Warren, Esquire & Brent F. Vullings, Esquire of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Helen Baker, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that Defendant has an address in this district and transacts business here.

## III. PARTIES

4. Plaintiff, Helen Baker, is an adult natural person residing at 6413 Hwy 451, Hazard, KY 41701. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC at all times relevant hereto, is a limited liability company engaged in the business of collecting debt in the Commonwealth of Pennsylvania and the State of Kentucky, with a Pennsylvania address of PO Box 1259, Oaks, PA 19456.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Starting on or about August 16, 2010, Defendant began contacting Plaintiff regarding an alleged debt stemming from consumer credit card transactions.

8. Since their initial contact, Defendant has placed an average of four (4) phone calls per week to Plaintiff.

9. During many calls placed to Plaintiff's home when she was unavailable, agents of Defendant have disclosed the particulars of the debt and the intention of their phone calls to uninvolved third parties, namely Plaintiff's parents.

10. All recent calls to Plaintiff have been made by Defendant's agent, "Doug," who routinely threatens Plaintiff in an attempt to coerce payment of the debt.

11. "Doug" has told Plaintiff that if a payment is not made on the account then her account would be turned over to the legal department and she would be sued.

12. "Doug" has warned Plaintiff that if she is sued, she will be responsible for court costs and travel expenses.

13. During one call, "Doug" maintains that Defendant is allowed to call as many times as they need to and speak with whomever they want because they are attempting to collect a debt for their client.

14. On some occasions Plaintiff has received phone calls from Defendant's telephone number where she spoke with persons who identified themselves as attorneys and threatened Plaintiff with imprisonment if the debt isn't paid.

15. Plaintiff was also told that if she did not pay the debt she would "always" be turned down for credit.

16. To date, Plaintiff has not received any written correspondence from Defendant concerning an alleged debt.

17. Furthermore, Plaintiff has not been served with a civil complaint by any attorney representing either Defendant or the owner of the debt Plaintiff supposedly owes.

18. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

21. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

22. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| § 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| § 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| § 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| § 1692d(2): | Profane language or other abusive language |
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(3): | Any individual is an attorney or that any communication is from an attorney |
| § 1692e(4): | Nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |

| | | |
|---|---|---|
| § 1692e(8): | Threatens or communicates false credit information, including the failure communicate that a debt is disputed |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendant, Portfolio Recovery Associates, LLC for the following:

   a.   Actual damages;

   b.   Statutory damages pursuant to 15 U.S.C. §1692k;

   c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

   d.   Such addition and further relief as may be appropriate or that the interests of justice require.

V.       **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

                                                        **Respectfully submitted,**

                                                        **WARREN & VULLINGS, LLP**

Date:  February 22, 2011            **BY:** _/s/  Bruce K. Warren BKW4066_
                                                        Bruce K. Warren, Esquire
                                                        **BY:** _/s/  Brent F. Vullings BFV8435_
                                                        Brent F. Vullings, Esquire

                                                        Warren & Vullings, LLP
                                                       1603 Rhawn Street
                                                       Philadelphia, PA  19111
                                                       215-745-9800   Fax 215-745-7880
                                                       Attorney for Plaintiff